IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSICA ANDREAS and
JENNIFER LOPEZ,

    Plaintiffs,

    v.                                            No. 07-CV-00312 JEC/ACT

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY/NORTHWESTERN
MUTUAL and BRIAN BAILEY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Defendant Bailey's Motion to Dismiss New Mexico Human Rights Act Claims*, filed May 29, 2007 (*Doc.* 11)("Motion"). The primary issue for resolution is whether dismissal by the New Mexico Human Rights Division for lack of jurisdiction over Plaintiffs' claims is sufficient to satisfy the exhaustion requirement where Plaintiffs requested but were expressly denied letters of non-determination. Having considered the Motion, the parties' submissions, the relevant authority, and being otherwise fully advised, the Court finds Plaintiffs constructively exhausted their administrative remedies as prerequisite to filing suit under the New Mexico Human Rights Act and, accordingly, the Motion is denied.

### I.    Factual Background

Plaintiffs Jessica Andreas and Jennifer Lopez seek damages from their former employer, Northwestern Mutual Life Insurance Company/Northwestern Mutual ("Northwestern"), and their former supervisor, Brian D. Bailey. Plaintiffs' claims are brought pursuant to Title VII of the

1

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII"), the New Mexico Human Rights Act, N.M. Stat. Ann. 1978, § 28-1-1 *et seq.* ("NMHRA"), and New Mexico common law.

Prior to bringing the instant action, Plaintiffs each filed with the Equal Employment Opportunity Commission ("EEOC"), naming both Northwestern and Bailey. Plaintiffs each received a dismissal and notice of rights letter from the EEOC, dated December 28, 2006, informing them that, due to their "independent contractor status," their files would be closed. On June 12, 2007, in response to Plaintiffs' written requests, the NMHRD issued letters denying their requests for letters of non-determination. Resp., Ex. D.

On March 30, 2007, Plaintiffs filed this multi-count complaint against Northwestern and Bailey. Though Bailey cannot be sued individually under Title VII, he can and is named as an individual defendant under the NMHRA. Bailey presently moves for a dismissal of the claims brought against him under the NMHRA on the grounds that Plaintiffs have failed to fully satisfy the "jurisdictional prerequisites for filing suit" or "have not satisfied their burden of establishing that this Court has subject matter jurisdiction over all the claims they have asserted against him" because they failed to obtain letters of non-determination from the NMHRA. Mot. at 1-2.

**II.     Legal Standard**

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). When subject-matter jurisdiction is confirmed to be absent "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)(quoting *Ex Parte McCardle*, 74 U.S. 506, 514 (1869)). "The burden of establishing subject-matter jurisdiction is

on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002)(citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

**III. Discussion**

**Exhaustion of Administrative Remedies under the NMHRA**

Bailey argues that Plaintiffs have failed to satisfy their administrative requirements under New Mexico law, where "[f]ull compliance with the NMHRA grievance procedure [is] a prerequisite to filing [a NMHRA] claim in district court . . . ." *Mitchell-Carr*, 980 P.2d at 70 (internal citations and quotations omitted). Bailey asserts that because Plaintiffs failed to obtain an appealable orders (letters of non-determination) from NMHRD, they have failed to adequately exhaust their administrative remedies. Plaintiffs contend, instead, that they have in fact abided by the statutory requirements for exhaustion under the NMHRA or have, at the very least, cured any deficiencies and functionally exhausted administratively by requesting and being denied the letters of non-determination.

Title VII establishes a work-sharing arrangement between the EEOC and some states, including New Mexico, that recognize their own causes of action for employment discrimination. *See Kane v. Christian Bros.*, No. 06-682, JB/WDS, 2006 U.S. Dist. LEXIS 95365, at *21 (D. N.M. Dec. 20, 2006). Pursuant to the work-sharing agreement, under New Mexico law, when an employee files a charge of discrimination with either the EEOC or the NMHRD, that charge is automatically filed with both agencies. *See Mitchell-Carr v. McLendon*, 980 P.2d 65, 69-70 (N.M. 1999). That said, receipt of a dismissal and notice of rights letter from the EEOC "does not satisfy the state law requirement of obtaining a [non-determination] order from the [NMHRD], nor does such an EEOC notice affect the statutory time limit for filing an appeal from

a [non-determination] order of the [NMHRD] in state court." *Id.* at 69.

A review of the EEOC charge of discrimination forms filed by Plaintiffs shows that Plaintiffs named Bailey individually in the body of that charge.[1] According to EEOC case logs, and consistent with the terms of the work-sharing agreement, the NMHRD was notified of Andreas' charge on February 1, 2006 and Lopez's charge on February 2, 2006 respectively. The EEOC terminated its investigation into these claims and issued dismissal and notice of rights letters to Plaintiffs after concluding they were both independent contractors rather than employees of Northwestern and therefore not proper claimants.[2] As no separate determination was initially made by the NMHRD, Plaintiffs eventually requested letters of non-determination from the NMHRD. The letters Plaintiffs received contained the following relevant language: "[t]he Human Rights Division is unable to issue the letter of Non-Determination . . . [the EEOC] ha[s] closed the complaint by issuing a Dismissal and Notice of Rights on which they indicated that [Plaintiff's are] independent contractor[s] . . . . Based on this dismissal by the EEOC, the Human Rights Division does not have jurisdiction over this complaint and will take no action." See Response, Ex. D. Thus, unlike in *Mitchell-Carr*, where plaintiffs were provided the opportunity to request

---

[1] Bailey also argues that, under *Luboyeski v. Hill*, 872 P.2d 353 (N.M. 1994), because he was never a party to any administrative proceeding under the NMHRA, he never received notice of any charges filed against him as required under the NMHRA. Unlike in *Luboyeski*, however, where the individual defendants were not named in the underlying charges filed with the NMHRD, Bailey was named in the charges filed jointly with both agencies. *Contra Rivera v. Smith's Food & Drug Ctrs.*, 2006 U.S. Dist. LEXIS 76760, at *12-13 (D.N.M. Feb.16, 2006)(finding that New Mexico law would not recognize NMHRA claims against individuals who "were not parties to the administrative process because they were not named in the administrative charge.")

[2] Notably, "[a] Title VII plaintiff must establish as a preliminary matter that [she] is an employee as defined under the Civil Rights Act and that the defendant is h[er] employer . . . ." *Brackens v. Best Cabs*, Inc.2005 U.S. App. LEXIS 15655, at *3 (10th Cir. July 28, 2005).

4

and *did* receive letters of non-determination in order to comply with the NMHRA exhaustion requirements, these Plaintiffs already formally requested and have been expressly denied letters of non-determination. The Director of the NMHRD determined that no further action would be taken. N.M. Stat. Ann. § 28-1-10(d) provides that "[a] person who has filed a complaint with the human rights division may request and shall receive an order of nondetermination from the director without delay . . . in jointly filed cases after the federal complaint has been closed." Here, after the EEOC closed its files, Plaintiffs requested and received a determination from the NMHRD that there was no jurisdiction over Plaintiffs' complaints. Once NMHRD declined jurisdiction, any deficiencies in the exhaustion requirements were cured.[3]

Finally, Bailey notes that the work-sharing agreement actually states that "charges will be resolved by the agency taking the charge except when the agency taking the charge lacks jurisdiction." Reply at 2. Yet, when both agencies claim to lack jurisdiction the case is properly before this Court. *Cf. Baba v. Japan Travel*, 1995 U.S. Dist. LEXIS 1005, at *1 (D.N.Y. January 27, 1995)(addressing motion to dismiss a case filed in federal court after both the New York State Division of Human Rights and the EEOC issued administrative determinations that they lacked jurisdiction over plaintiff's complaint because plaintiff was an independent contractor instead of an employee); *Whitehead v.Upland Mortgage Corp.*, 1995 U.S. Dist. LEXIS 7406, at *14 (E.D. Pa. May 30, 1995)(procedural history of the case notes that both the EEOC and state agency determined they lacked jurisdiction over plaintiff after both found him to be an

---

[3]*See e.g., State ex rel. Norvell v. Credit Bureau of Albuquerque, Inc.*, 514 P.2d 40, 48 (1973) ("The doctrine of exhaustion of remedies does not require the initiation of and participation in proceedings in respect to which an administrative tribunal clearly lacks jurisdiction, or which are vain and futile.")

5

independent contractor). Therefore, the Court concludes that the letters issued by the NMHRD combined with the procedural history present here, suffice to establish exhaustion.

**IV.     Conclusion**

In sum, Plaintiffs prosecuted their claims through the NMHRD and that agency explicitly determined it lacked jurisdiction. Once Plaintiffs received the letters from the NMHRD, they exhausted their administrative remedies as prerequisite to filing suit under the NMHRA.

WHEREFORE,

**IT IS ORDERED** that *Defendant Bailey's Motion to Dismiss New Mexico Human Rights Act Claims* (*Doc. 11*), filed May 29, 2007, is **DENIED**.

Dated March 19, 2008.

                              s/John Edwards Conway
                              _____
                              SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs

Whitney Warner, Esq.
Christopher M. Moody, Esq
Moody & Warner, P.C.
Albuquerque, NM

Counsel for Defendant

Justin E. Poore, Esq.
Albuquerque, NM

Barbara G. Stephenson, Esq.
Albuquerque, NM