IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSICA ANDREAS and JENNIFER LOPEZ,

    Plaintiffs,

v.                                          Case No. 07-CV-00312 JC/ACT

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY/NORTWESTERN
MUTUAL and BRIAN BAILEY,

    Defendants.

**MEMORANDUM OPINION AND ORDER ON DEFENDANT NORTHWESTERN'S
MOTION TO STRIKE PLAINTIFF ANDREAS' EMOTIONAL DISTRESS DAMAGES
AND PLAINTIFFS' BACKPAY DAMAGES CALCULATION**

    THIS MATTER comes before the Court on Defendant Northwest Mutual Life Insurance Company's *Motion to Strike Plaintiff Andreas' Emotional Distress Damages and Plaintiffs' Backpay Damages Calculation* (Doc. 74) ("Motion"), filed March 12, 2008.

**I.    BACKGROUND**

    Plaintiffs brought the instant gender discrimination and retaliation litigation against their alleged employer, Northwest Mutual Life Insurance Company ("Northwest Mutual"), and Defendant Bailey, who was the manager of the Northwest Mutual branch where Plaintiffs worked.

    In discovery, Plaintiffs have proposed that their alleged damages should be calculated according to the formula laid out as follows. First, the total premiums sold throughout the branch in a given month should be multiplied by the percentage of female agents working in the branch. This number, Plaintiffs submit, is the "expected" sales for each female agent in the given month. As Northwest Mutual points out, this calculation assumes that each agent should

earn the same commission each month, regardless of experience or effort. Second, Plaintiffs suggest that the actual premium sales made by the female agents should be subtracted from the expected sales. This calculation assumes, Northwest Mutual argues, that any shortfall in sales is due to gender discrimination/retaliation and gender discrimination/retaliation only. Using the formula, Plaintiffs have determined that Plaintiff Andreas' damages are $93,000 while Plaintiff Lopez' damages are $52,000.

Plaintiffs have also maintained in discovery that they are not seeking compensatory damages for any emotional distress on the part of Plaintiff Andreas. Accordingly, Defendants have not sought discovery as to Plaintiff Andreas' overall mental health. Plaintiff Andreas nonetheless testified during her deposition that she believes she would have sold more premiums and therefore earned more as an agent of Northwest Mutual "had the discrimination not taken place." When asked to clarify Plaintiff Andreas' position in this regard, Plaintiffs' attorneys indicate that Plaintiff Andreas is not making a claim for emotional distress, but that she is seeking to recover commission income lost as a result of "humiliation and embarrassment," allegedly caused by Defendant Bailey's behavior. Plaintiffs contend that the humiliation and embarrassment Ms. Andreas experienced is distinguishable from emotional distress damages.

Defendant Northwest Mutual contends that the Court should strike Plaintiffs' proposed damages calculation and Plaintiff Andreas' proposed humiliation and embarrassment damages as a sanction for Plaintiffs' alleged failure to fully disclose their damages pursuant to FED. R. CIV. P. 26(a).

## II. LEGAL STANDARD

Early in the litigation process, parties are required to disclose, among other things, "a

2

computation of each category of damages claimed by the disclosing party." FED. R. CIV. P. 26(a)(1)(A)(iii). Although a party can only disclose information which is reasonably available to it at the time the disclosure is made, the Federal Rules provide that "[a] party is not excused from making its disclosures because it has not fully investigated the case." FED. R. CIV. P. 26(a)(1)(E). In the event that information is not properly disclosed pursuant to Rule 26(a), "the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

This Court has broad discretion in determining whether a Rule 26(a) violation is justified or harmless. *Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). The Tenth Circuit has held that consideration of the following four factors should guide the Court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Id.*

### III. DISCUSSION

#### A. Plaintiffs' Proposed Damages Calculation Will Not Be Excluded As a Sanction

Defendants complain that Plaintiffs' Initial Disclosures, served on or about September 21, 2007, were incomplete in that they sought damages solely relating to (1) discriminatory and retaliatory distribution of sales leads and (2) emotional distress and humiliation for Plaintiff Lopez. *Motion* at 2. Exactly three months later, on or about December 21, 2007, Plaintiffs provided discovery responses requesting new damages elements, including back pay. *Motion* at 3. Plaintiffs indicated from the time of their September 2007 initial disclosures that they would

need further discovery to calculate their alleged damages. *Id.* On January 17, 2008, Plaintiffs provided supplemental discovery responses setting forth the amount of requested damages and the aforementioned formula by which these damages were calculated. *Id.*

Given that Plaintiffs' damages figures were disclosed more than a year prior to any trial, which is as yet unscheduled, the Court finds no prejudice or surprise to Northwest Mutual from the disclosure of these damages calculations and sees no basis upon which to conclude that introduction of such evidence would disrupt the trial of this matter. Similarly, there is no evidence of bad faith or willfulness on Plaintiffs' part relating to its disclosure of damages calculations.

Northwest Mutual's further attack on Plaintiffs' damages calculations as speculative, provides no reason to preclude the proposed damages calculation under Rule 37, and the Court will therefore decline to consider it at this time.

### B. Plaintiff Andreas' Humiliation and Embarrassment Damages Will Be Stricken

Northwest Mutual points the Court to Tenth Circuit opinions that define the term "emotional distress" as including a number of conditions, including humiliation and embarrassment. *Motion* at 7. In *Mascenti v. Becker*, the Tenth Circuit noted that "[t]he term 'emotional distress' means mental distress, mental pain and suffering, or mental anguish. It includes all highly unpleasant mental reactions, such as fright, horror, grief, humiliation, embarrassment, anger, chagrin, disappointment, and worry." 237 F.3d 1223, 1241-42 (10th Cir. 2001). Similarly, in *Veile v. Martinson*, the Tenth Circuit held that emotional distress "includes depression, dejection, shame, humiliation, shock, indignity, embarrassment, grief, anxiety, worry, fright, disappointment, nausea, and nervousness, as well as physical pain." 258 F.3d

1180, 1189 (10th Cir. 2001).

Plaintiffs argue that Plaintiff Andreas' feelings of humiliation and embarrassment in this case are merely "garden variety" emotional distress rather than the type of emotional distress claim that would place her mental condition at issue. *Resp.* at 7-9. In support of their argument, Plaintiffs cite a number of cases analyzing whether plaintiffs should be required to submit to independent medical examinations (IMEs) by claiming damages for emotional distress or whether plaintiffs had waived the psychotherapist-patient privilege by claiming damages for emotional distress.

In one such case, *Owens v. Sprint/United Mgmt. Co.*, the United States District Court for the District of Kansas held that the plaintiff's mental health records were discoverable despite her claims of mere "garden variety" emotional distress. 221 F.R.D. 657, 659-660 (D. Kan. 2004). The court in *Owens* held that

> [t]he fact that these damages claims may be the 'garden variety' of damage claims for emotional distress does not automatically exempt them from discovery. Plaintiff's argument is more applicable in the context of a Rule 35 motion to compel physical or mental examinations, where courts have found that a 'garden variety' emotional distress claim, one which amounts to no more than an attempt to recover for the generalized insult, hurt feelings, and lingering resentment which anyone could be expected to feel if he or she were the recipient of an adverse employment action attributed to discrimination, does not place the plaintiff's mental condition 'in controversy' for purposes of justifying a mental examination under Rule 35.

*Id.*

The Court is inclined to agree with the District of Kansas in *Owens*. Plaintiff Andreas' psychological records and history are relevant to both causation and the extent of her alleged damages, even if she is claiming only "garden variety" emotional distress. Plaintiff Andreas'

psychological records should have been produced in order to sustain a claim for lost commissions due to humiliation and embarrassment. Because Plaintiffs declined to produce such documents and because they have consistently maintained that they are not seeking emotional distress damages for Plaintiff Andreas throughout this litigation, Defendant Northwest Mutual's Motion to Strike such damages should be granted.

Given that discovery is now closed, Northwest Mutual will certainly be prejudiced should Plaintiff Andreas' "garden variety" emotional distress claim be permitted to continue, and Plaintiffs are not able to cure the prejudice by producing Plaintiff Andreas' psychological records at this late date without an unreasonable delay. Similarly, insertion of Plaintiff Andreas' emotional distress claims into the case at this point will disrupt the trial. While the Court sees some evidence of bad faith or at least willfullness on the part of Plaintiffs in simultaneously withholding Plaintiff Andreas' psychological records and asserting claims for her "garden variety" emotional distress, it will not make a formal finding in this regard, but simply determine that, based on the first three *Woodworker's* factors, Defendant's motion as to Plaintiff Andreas' emotional distress damages should be granted.

## IV.     CONCLUSION

Defendant Northwest Mutual's Motion is well-taken in part. The Court will grant the Motion insofar as it relates Plaintiff Andreas' emotional distress damages. Plaintiff Andreas' alleged damages for humiliation and embarrassment—or "garden variety" emotional distress—will therefore be stricken. Defendant's Motion is denied as to Plaintiffs' backpay damages calculation.

IT IS ORDERED that *Defendant's Motion to Strike Plaintiff Andreas' Emotional*

*Distress Damages and Plaintiffs' Backpay Damages Calculation* (Doc. 74), filed March 12, 2008, is GRANTED in part and DENIED in part.

Dated January 28, 2009.

s/John Edwards Conway
_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

Julie Fritsch, Esq.
Whitney Warner, Esq.
Christopher M. Moody, Esq.
Albuquerque, NM

Counsel for Defendants:

Robert Shawn Oller, Esq.
Phoenix, AZ

Justin E. Poore, Esq.
Barbara G. Stephenson, Esq.
Albuquerque, NM