IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSICA ANDREAS and JENNIFER LOPEZ,

    Plaintiffs,

v.                                      Case No. 07-CV-00312 JC/ACT

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY/NORTHWESTERN
MUTUAL and BRIAN BAILEY,

    Defendants.

**MEMORANDUM OPINION AND ORDER ON DEFENDANTS'
MOTION TO STRIKE WITNESS, TESTIMONY, AND/OR EXHIBIT OR,
IN THE ALTERNATIVE, TO COMPEL ADDITIONAL DISCOVERY**

THIS MATTER comes before the Court on *Defendants' Joint Motion to Strike Witness, Testimony and/or Exhibit or, in the Alternative, to Compel Additional Discovery (Doc. 99)* ("Motion"), filed May 6, 2008.

I.    BACKGROUND

Plaintiffs are former agents of Defendant Northwest Mutual Life Insurance Company, working in the New Mexico/El Paso branch managed by Defendant Brian Bailey. They claim sexual harassment, gender discrimination, retaliation, retaliatory discharge, negligent supervision, intentional interference with business relations, and breach of the duty of good faith and fair dealing.

In their Motion, Defendants seek to strike Dianne Jaramillo as a witness in this case on the grounds that Plaintiffs wrongfully failed to produce a draft affidavit prepared for Ms. Jaramillo by their attorneys prior to Ms. Jaramillo's April 2008 deposition. Plaintiffs contend that the draft affidavit was not produced prior to April 2008 for good reason—specifically,

because (1) the information contained in it was not confirmed until Ms. Jaramillo's deposition and it was therefore not responsive to Defendants' request for documents supporting Plaintiffs' claims, and (2) the draft affidavit was privileged until the time of Ms. Jaramillo's deposition, containing only Plaintiffs' counsel's impressions and understandings of privileged conversations with Ms. Jaramillo, who at one time consulted Plaintiffs' counsel for purposes of representation related to Ms. Jaramillo's own claims against Defendant. Additionally, Plaintiffs argue that even if the draft affidavit should somehow have been produced prior to the April 2008 deposition, Defendants have suffered no prejudice as a result of the "failure" to produce the document.

## II.  LEGAL STANDARD

Early in the litigation process, parties are required to disclose, among other things, "a copy—or a description by category and location—of all documents ... that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(ii). In the event that information is not properly disclosed pursuant to Rule 26(a), "the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

This Court has broad discretion in determining whether a Rule 26(a) violation is justified or harmless. *Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). The Tenth Circuit has held that consideration of the following four factors should guide the Court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or

willfulness.  *Id.*

III.     DISCUSSION

Application of the *Woodworker's* factors to the present case shows there is no basis under Rule 37(c)(1) to strike Dianne Jaramillo as a witness or her draft affidavit as an exhibit. Although Defendants may have been surprised by Ms. Jaramillo's draft affidavit, such surprise is to be anticipated in the context of litigation. Defendants admit that Plaintiffs' counsel disclosed Ms. Jaramillo as a potential witness in their initial disclosures; thus, Defendants should have expected that Ms. Jaramillo might offer testimony tending to support Plaintiffs' claims. The Court cannot see how the existence of the draft affidavit results in any undue prejudice or surprise to Defendants. Moreover, Plaintiffs' counsel produced the affidavit at the appropriate time and in the appropriate manner under the Federal Rules of Civil Procedure, thereby curing any potential prejudice to Defendants. Introduction of Ms. Jaramillo's testimony at trial would not be a disruption of the trial in the manner contemplated by Rule 37(c)(1). Finally, there is no evidence of bad faith on Plaintiffs' part with regard to the draft affidavit or its use at Ms. Jaramillo's deposition. In short, even assuming there were some evidence of a discovery violation sufficient to justify sanctions—and the Court finds no such evidence—Plaintiffs' "failure" to produce the draft affidavit was both justified and harmless.

The Court will also deny Defendants' further request for additional time to depose Ms. Jaramillo. Ms. Jaramillo's deposition has already extended beyond the four-hour limit set in the parties' Joint Status Report and Provisional Discovery Plan. The Court finds there is no reason to provide additional time for cross-examination given that Ms. Jaramillo has already submitted to more than five hours of deposition time and that Defendants' attorneys specifically declined to

question her for an additional hour at the time of her original deposition.

IV. CONCLUSION

Defendants' Motion is not well-taken and will be denied. Nothing in this Order should be construed as a ruling on the admissibility of Ms. Jaramillo's testimony or the draft affidavit at issue herein.

IT IS ORDERED that *Defendants' Joint Motion to Strike Witness, Testimony and/or Exhibit or, in the Alternative, to Compel Additional Discovery (Doc. 99)* ("Motion"), filed May 6, 2008 is DENIED.

Dated January 28, 2009.

s/John Edwards Conway

SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

Julie Fritsch, Esq.
Whitney Warner, Esq.
Christopher M. Moody, Esq.
Albuquerque, NM

Counsel for Defendants:

Robert Shawn Oller, Esq.
Phoenix, AZ

Justin E. Poore, Esq.
Barbara G. Stephenson, Esq.
Albuquerque, NM