IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JESSICA ANDREAS and JENNIFER LOPEZ,**

    Plaintiffs,

v.                                Case No. 07-CV-00312 JC/ACT

**NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY/NORTHWESTERN
MUTUAL and BRIAN BAILEY,**

    Defendants.

## AMENDED MEMORANDUM OPINION AND ORDER ON DEFENDANT BRIAN BAILEY'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF LOPEZ' CLAIMS

THIS MATTER comes before the Court on the Parties' *Joint Motion to Alter or Amend the Memorandum Opinion and Order on Defendant Brian Bailey's Motion for Summary Judgment on Plaintiff Lopez' Claims* (Doc. 174), filed March 19, 2009.  Upon review of the Joint Motion, the Court amends its *Memorandum Opinion and Order on Defendant Brian Bailey's Motion for Summary Judgment on Plaintiff Lopez' Claims* (Doc. 171) ("Prior Memorandum"), filed March 5, 2009, as follows:

    1.    In its Prior Memorandum, the Court erroneously referenced Title VII claims brought by Defendant Bailey.  In fact, as the Parties correctly point out, Lopez' gender harassment (Count I), gender discrimination (Count II) and retaliation (Count III) claims are brought solely under the New Mexico Human Rights Act, NMSA 1978, §§ 1-28-1 to -14 (1969, as amended through 2007) ("NMHRA").  *Complt.* at 13, 14, and 15.  The Court has reviewed Lopez' claims in light of its mistake and finds no basis upon which to revise the substance of its opinion on Counts I, II, or III.  As to each of these counts, the Court notes that New Mexico

relies upon the same burden-shifting scheme and the same type of evidence whether the claim is brought under the NMHRA or Title VII.  *See, e.g., Littell v. Allstate Ins. Co.*, 2008-NMCA-012, ¶ 15, 143 N.M. 506, 177 P.3d 1080 (noting that a harassment claim under the NMHRA becomes actionable "when the offensive conduct becomes so severe and pervasive that it alters the conditions of the employment"); *Sonntag v. Shaw*, 2001-NMSC-015, ¶ 27, 130 N.M. 238, 22 P.3d 1188 (noting that New Mexico, when considering discrimination claims pursuant to the NMHRA, "borrowed from the federal methodology for establishing discrimination claims under Title VII of the Civil Rights Act when no direct evidence of discriminatory motive exists"); and *Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶ 33, 135 N.M. 539, 91 P.3d 58 (applying Title VII's scheme for proving retaliation).  Summary judgment in Defendant Bailey's favor is therefore appropriate as to Counts I, II, and III, and these Counts shall be dismissed with prejudice.

      2.      The Court erred when it ordered that Lopez' claim for intentional interference with business relations or contract should be remanded.  In fact, and again as the Parties correctly note in their Joint Motion, the Court has original diversity jurisdiction over this claim.  Upon review of the elements of such a claim and the material facts, which are undisputed, the Court finds that summary judgment on this count is also appropriate.

      To show that Bailey unlawfully interfered in her relationship with Northwestern Mutual, Lopez must prove that: (1) Bailey knew of her contract with Northwestern Mutual; (2) the contract went unfulfilled or performance was otherwise interrupted; (3) Bailey played "an active and substantial part" in causing Lopez to lose the benefit of that contract; (4) Lopez suffered damages as a result; and (5) Bailey lacked justification or privilege for his actions.  *Martin v.*

*Franklin Capital Corp.*, 2008-NMCA-052, ¶ 7, 145 N.M. 179, 195 P.3d 24. *See also Fikes v. Furst*, 2003-NMSC-033, ¶ 20, 134 N.M. 602, 81 P.3d 545 ("In order to prevail on a claim of tortious interference with contract, [the plaintiff] must prove that [the defendant] took action that persuaded [a third party] to break its commitment [to plaintiff], and that [plaintiff] accomplished this either with an improper motive or through improper means"); *Ettenson v. Burke*, 2001-NMCA-003, ¶ 14, 130 N.M. 67, 17 P.3d 440 ("[The plaintiff] had to prove that (1) [the defendant] had 'knowledge of the contract' between [the plaintiff] and [a third party]; (2) performance of the contract was refused, (3) [the defendant] 'played an active and substancial part in causing [the plaintiff] to lose the benefits of his contract,' (4) damages flowed from the breached contract, and (5) [the defendant] induced the breach 'without justification or privilege to do so'").

The parties do not dispute the existence of a contract between Lopez and Northwestern Mutual, nor do they dispute the termination of the contract. Lopez has not shown, however, that Bailey "played an active and substantial part in causing [her] to lose the benefits of [her] contract." *Ettenson* at ¶ 14 (quoting *Wolf v. Perry*, 65 N.M. 457, 461-62, 339 P.2d 679, 681-82 (1959)). *See also Martin* at ¶ 7 ("*If the defendant interfered in some way with the plaintiff's contract*, "[t]he inquiry, in the end should be to determine the [defendant's] primary motivation for the interference" (emphasis added) (quoting *Fikes* at ¶ 23)). As the Court held in its Prior Memorandum, Lopez lacks sufficient evidence to support her claims for sexual harassment, disparate treatment, or retaliation. Lopez similarly lacks adequate evidence to support her claim of constructive discharge. Consistent with these prior rulings, the Court cannot find that Bailey played an active or substantial part in causing Lopez to terminate her employment contract.

      3.     Like Lopez' claim for intentional interference with contract, Lopez' claim for breach of the covenant of good faith and fair dealing should also have been addressed in the Court's Prior Memorandum.

"[T]he covenant of good faith and fair dealing 'requires that neither party do anything that will injure the rights of the other to receive the benefit of their agreement.'" *Henning v. Rounds*, 2007-NMCA-139, ¶ 26, 142 N.M. 803, 171 P.3d 317 (quoting *Bourgeous v. Horizon Healthcare Corp.*, 117 N.M. 434, 438, 872 P.2d 852, 856 (1994)). Like the plaintiff in *Henning*, Lopez was not terminated or demoted, and she did not suffer a reduction in pay or benefits. *Id.* Instead, Lopez contends Bailey's allegedly discriminatory and harassing conduct caused her to resign and thereby lose the benefits of her contract with Northwestern Mutual. *Lopez' Resp. to Def. Bailey's Motion for Summ. Judgmt.* at 29.

Where a plaintiff fails to show actual denial of a contractual benefit, the New Mexico Court of Appeals held that it would be "reluctant to sanction a claim for breach of the covenant of good faith and fair dealing." *Henning* at ¶ 28 (explaining that "to allow such suits would unnecessarily involve courts in the employer-employee relationship and potentially subject employers to torrents of unwarranted and vexatious suits filed by disgruntled employees at every juncture in the employment process (internal citation and quotation omitted)). Further, New Mexico courts recognize that "[t]here is no general duty on the part of an employer to act 'nicely.'" *Id.* (internal citation and quotation omitted). For these reasons, and further because Plaintiff has not shown evidence sufficient to support her claims of harassing, discriminatory, or retaliatory conduct on the part of Defendant Bailey, the Court will grant Bailey's Motion for Summary Judgment as to Lopez' claim for breach of the implied covenant of good faith and fair

dealing.

      IT IS THEREFORE ORDERED that the *Joint Motion to Alter or Amend the Memorandum Opinion and Order on Defendant Brian Bailey's Motion for Summary Judgment on Plaintiff Lopez' Claims* (Doc. 174) is granted.

      IT IS FURTHER ORDERED that, whereas the Court's prior *Memorandum Opinion and Order on Defendant Bailey's Motion for Summary Judgment on Plaintiff Lopez' Claims* (Doc. 171) ("Prior Memorandum") granted *Defendant Bailey's Motion for Summary Judgment on Plaintiff Lopez' Claims* (Doc. 116) only as to Counts I, II, and III, the Court's Prior Memorandum shall be amended such that *Defendant Bailey's Motion for Summary Judgment on Plaintiff Lopez' Claims* (Doc. 116) is now GRANTED in its entirety, and Counts I, II, III, VI, and VII are dismissed with prejudice insofar as they are alleged against Defendant Bailey by Plaintiff Lopez.

      Dated March 25, 2009.

                                  s/John Edwards Conway

                                  SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

Christopher M. Moody, Esq.
Whitney Warner, Esq.
Julie K. Fritsch, Esq.
Albuquerque, NM

Counsel for Defendants:

Barbara G. Stephenson, Esq.
Justin E. Poore, Esq.
Albuquerque, NM