IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSICA ANDREAS and JENNIFER LOPEZ,

    Plaintiffs,

v.                                                    Case No. 07-CV-00312 JC/ACT

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY/NORTHWESTERN
MUTUAL and BRIAN BAILEY,

    Defendants.

## MEMORANDUM OPINION AND ORDER ON DEFENDANT NORTHWESTERN MUTUAL'S MOTIONS FOR SUMMARY JUDGMENT ON PLAINTIFF ANDREAS' AND PLAINTIFF LOPEZ' CLAIMS

THIS MATTER comes before the Court on Defendant Northwestern Mutual Life Insurance Company's *Motion for Summary Judgment of Plaintiff Andreas' Claims* (Doc. 114) and *Motion for Summary Judgment of Plaintiff Lopez' Claims* (Doc. 121), both filed June 30, 2008. The Court has reviewed the parties' submissions and, being otherwise informed in the premises, finds that Defendant Northwestern Mutual's motions are well-taken and should be granted.

**I.    BACKGROUND**

Plaintiffs Jessica Andreas and Jennifer Lopez allege five counts against Northwestern Mutual Life Insurance related to their affiliation with the company as sales representatives working under the supervision of Defendant Brian Bailey. They contend they were subject to sexual harassment (Count I), disparate treatment on the basis of gender (Count II), statutory retaliation (Count III), common-law retaliatory discharge (Count IV), negligent supervision of Bailey (Count V), and breach of the covenant of good faith and fair dealing (Count VII).

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). A "genuine" issue of fact exists where the evidence is such that a reasonable jury could resolve the issue either way. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

In response to a motion for summary judgment, a party "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." FED.R.CIV.P. 56(e)(2). The party opposing summary judgment must present specific, admissible facts from which a rational trier of fact could find in his favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, the Court must consider the record, and all reasonable inferences therefrom, in the light most favorable to the party opposing the motion. *Adler* at 670 (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505, 91 L.Ed.2d 265).

## III.    DISCUSSION

### A.     Given the Court's Dismissal of NMHRA Claims Against Defendant Bailey, There is No Basis for Continuation of Counts I, II, and III Against Northwestern Mutual.

Plaintiffs' Counts I, II, and III are brought pursuant to Title VII and the New Mexico Human Rights Act ("NMHRA") against Northwestern Mutual and pursuant to the NMHRA only against Defendant Bailey. There are no independent claims against Northwestern Mutual for its own conduct, separate from Bailey's actions; rather, Plaintiffs contend that Northwestern Mutual

should be held vicariously liable for Bailey's actions.  *See, e.g., Complt.* at ¶ 79 (contending that Northwestern Mutual should be held strictly liable "because the harassment was perpetrated by a supervisor").  Because Plaintiffs point to no harassing, discriminatory, or retaliatory actions taken by Northwestern Mutual independently from Defendant Bailey, Counts I, II, and III should be dismissed for the same reasons set forth in the Court's orders granting summary judgment in favor of Bailey on these counts.  *Memorandum Opinion and Order on Defendant Brian Bailey's Motion for Summary Judgment on Plaintiff Lopez' Claims (Doc. 171); Memorandum Opinion and Order on Defendant Brian Bailey's Motion for Summary Judgment on Plaintiff Andreas' Claims (Doc. 175).*

> **B.    Plaintiffs' Have Not Proven Facts Sufficient to Support Their Retaliatory Discharge Claims.**

Although Count IV is premised upon the same set of facts as Plaintiffs' Title VII and HRA claim for retaliation, it is asserted solely against Northwestern Mutual and was therefore not addressed in the Court's previous orders.

Initially, New Mexico courts recognize retaliatory discharge as an exception to the employment-at-will doctrine, which allows an at-will employee who is discharged in violation of public policy to bring a claim against an employer.  *Weise v. Washington Tru Solutions, L.L.C.*, 2008-NMCA-121, ¶25, 144 N.M. 867, 193 P.3d 1244.  "To establish a retaliatory discharge cause of action, [the p]laintiff must demonstrate that she was discharged either because she performed an act that public policy has authorized or would encourage, or because she refused to do something required of her by her employer that public policy would condemn."  *McDonald v. Corrections Corp. of America*, 181 F.Supp.2d 1274, 1282 (D.N.M. 2002) (citing *Silva v. Albuquerque Assembly & Distrib. Warehouse Corp.*, 106 N.M. 19, 20, 738 P.2d 513, 515 (1987)

("Silva I")).  "The express reason for recognizing this tort, and thus modifying the terminable at-will rule, was 'the need to encourage job security' for those employees not protected from wrongful discharge by an employment contract."  *Silva I*, 106 N.M. at 20, 738 P.2d at 515 (internal citations omitted).

Northwestern Mutual contends that Plaintiffs' retaliatory discharge claims should be dismissed for two reasons: (1) "other remedies are available to vindicate the alleged public policy violation," specifically under Title VII and NMHRA, and (2) contracts exist between Plaintiffs and Northwestern Mutual such that they are not at-will employees to whom any retaliatory discharge claim is available.  *Memo.* at 20.

Case law from the Federal District of New Mexico supports Northwestern Mutual's first argument.  In *McDonald v. Corrections Corp. of America*, Tenth Circuit Judge Bobby Baldock dismissed the plaintiff's common-law retaliatory discharge claim, noting that it was "indistinguishable" from the plaintiff's Title VII retaliation claim and recognizing that "[t]his Court has repeatedly refused to recognize a claim for retaliatory discharge where other remedies are available to vindicate the alleged public policy violation."  181 F.Supp.2d 1274, 1282-83 (D.N.M. 2002).  *See also Aguilar v. Las Cumbres Learning, Inc.*, 2008 WL 4107137, *19 (D.N.M. Apr 26, 2008) (holding that the defendant was entitled to summary judgment on wrongful discharge claim because the facts underlying this claim were identical to and indistinguishable from her Title VII retaliation claim and because the plaintiff had identical remedies available to her under Title VII).

Plaintiffs argue that Circuit Judge Baldock's opinion in *McDonald* was erroneous, citing *Gandy v. Wal-Mart Stores, Inc.*, where the New Mexico Supreme Court held that although she

4

could not ultimately prevail on both, a plaintiff could maintain separate retaliation claims under the New Mexico Human Rights Act and common law based on the same operative facts. 117 N.M. 441, 872 P.2d 859 (1994). Simultaneously, however, the Supreme Court in *Gandy* also signaled its interest in preventing duplicative proceedings over an identical claim. 117 N.M. at 445, 872 P.2d at 863 (noting that "[w]e are confident that an appropriate exercise of discretion by the district courts and the Human Rights Division, as well as a proper application of the doctrine of res judicata, will prevent double recovery and duplicative proceedings"). Because Plaintiff has not proven facts sufficient to show that she was terminated in violation of public policy, the Court will dismiss Plaintiffs' wrongful termination claim. *See Previous Orders*.

### C. Plaintiffs Have Failed to Demonstrate Wrongful Conduct by Defendant Bailey Sufficient to Support Their Allegations of Negligent Supervision.

This Court has previously recognized that

> [t]he proper standard for determining whether an employer should be held liable for negligent supervision or retention of an employee does not require proof of actual knowledge of the employee's lack of skills or unfitness to perform such work, but whether the employer knew or reasonably should have known that some harm might be caused by the acts or omissions of the employee who is entrusted with such position.

*EEOC v. Univ. of Phoenix*, 505 F.Supp.2d 1045, 1058 (D.N.M. 2007) (quoting *Chavez v. Thomas & Betts Corp.*, 396 F.3d 1088, 1099 (10th Cir.2005)). Based on this standard, the Federal District of New Mexico has declined to grant summary judgment on a negligent supervision claim in cases where plaintiffs had evidence to show the defendant-employer knew or should have known about its employees' misconduct. *EEOC* at 1063 (finding that the plaintiff "frequently reported" her coworker's harassing behavior to her supervisor); *Chavez* at 1099 (finding that the plaintiff "repeatedly complained" about her coworker's harassment to

management).

Although the parties in this case agree that neither Plaintiff reported sexual harassment by Defendant Bailey to Northwestern Mutual, they dispute whether Northwestern Mutual should have otherwise known of Bailey's harassing and discriminatory behavior. *Andreas Resp.* at 30; *Lopez Resp.* at 29. Given the Court's previous dismissal of Plaintiffs' harassment, discrimination, and retaliation claims against Bailey, the Court need not delve into these factual intricacies. *See, e.g., DeFlon. v. Danka Corp. Inc.*, 1 Fed.Appx. 807, 821 (10th Cir. 2001). Summary judgment is appropriate in favor of Northwestern Mutual on the negligent supervision claim.

### D. Plaintiffs Cannot Prevail on Their Claim that Northwestern Mutual Breached the Duty of Good Faith and Fair Dealing.

"[T]he covenant of good faith and fair dealing 'requires that neither party do anything that will injure the rights of the other to receive the benefit of their agreement.'" *Henning v. Rounds*, 2007-NMCA-139, ¶ 26, 142 N.M. 803, 171 P.3d 317 (quoting *Bourgeous v. Horizon Healthcare Corp.*, 117 N.M. 434, 438, 872 P.2d 852, 856 (1994)). New Mexico courts have held that this covenant "is breached only when a party seeks to prevent the contract's performance or to withhold its benefits from the other party." *Smoot v. Physicians Life Ins. Co.*, 2004-NMCA-027, ¶ 13, 135 N.M. 265, 87 P.3d 545 (quoting *Azar v. Prudential Ins. Co.*, 2003-NMCA-062, ¶ 51, 133 N.M. 669, 68 P.3d 909).

Like the plaintiff in *Henning*, Plaintiffs in this case were not terminated or demoted, and they did not suffer any reductions in pay or benefits. 2007-NMCA-139, ¶ 26. Plaintiffs do not present evidence that Northwestern Mutual sought to prevent performance of its contracts with Plaintiffs. *Smoot* at ¶ 13. Instead, Plaintiffs contend that Bailey's allegedly discriminatory and

harassing conduct caused them to resign and thereby lose the benefits of their contracts with Northwestern Mutual.  *Lopez' Resp. to Def. Bailey's Motion for Summ. Judgmt.* at 29.  Where a plaintiff fails to show actual denial of a contractual benefit, the New Mexico Court of Appeals held that it would be "reluctant to sanction a claim for breach of the covenant of good faith and fair dealing."  *Henning* at ¶ 28 (explaining that "to allow such suits would unnecessarily involve courts in the employer-employee relationship and potentially subject employers to torrents of unwarranted and vexatious suits filed by disgruntled employees at every juncture in the employment process (internal citation and quotation omitted)).  Further, New Mexico courts recognize that "[t]here is no general duty on the part of an employer to act 'nicely.'" *Id.* (internal citation and quotation omitted).

For these reasons, and further because Plaintiffs have not shown evidence sufficient to support her claims of harassing, discriminatory, or retaliatory conduct on the part of Defendant Bailey, the Court will grant Northwestern Mutual's Motion for Summary Judgment as to Count VII for breach of the implied covenant of good faith and fair dealing.

## IV.   CONCLUSION

Having reviewed the parties' briefings and being otherwise fully informed, the Court determines there are no genuine disputes as to material issues of fact, and summary judgment should therefore be granted in favor of Northwestern Mutual as to Counts I (gender harassment under Title VII and NMHRA), II (gender discrimination under Title VII and NMHRA), III (retaliation under Title VII and NMHRA), IV (retaliatory discharge), V (negligent supervision), and VII (breach of the implied covenant of good faith and fair dealing).  Count VI (intentional interference with business relations or contract) is alleged solely against Defendant Bailey and is

therefore not addressed in this motion.

      IT IS THEREFORE ORDERED that *Defendant Northwestern Mutual's Motions for Summary Judgment on Plaintiff Andreas' Claims* (Doc. 112) and *on Plaintiff Lopez' Claims* (Doc. 121), both filed June 30, 2008, are GRANTED.  Counts I, II, III, VI, V, and VII are therefore dismissed with prejudice.

      IT IS FURTHER ORDERED, in light of the Court's previous orders, that *Defendants' Motion for Summary Judgment on Plaintiffs' Claims for Punitive Damages* (Doc. 118), *Plaintiffs' Motion to Strike and for Sanctions* (Doc. 129), and *Defendants' Joint Motion to Strike Affidavit of Christopher M. Moody in Response to Defendants' Motions for Summary Judgment on Plaintiffs' Claims* (Doc. 139), are dismissed as moot.

      Dated March 26, 2009.

                                    s/John Edwards Conway

                                    SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

Christopher M. Moody, Esq.
Whitney Warner, Esq.
Julie K. Fritsch, Esq.
Albuquerque, NM

Counsel for Defendants:

Barbara G. Stephenson, Esq.
Justin E. Poore, Esq.
Albuquerque, NM